IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PETCORROUS MCCLENDON**                                        **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 3:22-cv-538-CWR-LGI**

**BURL CAIN, CORNELIUS TURNER,**
**MICHAEL BEASLEY, AND**
**RANDY ATKINSON**                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the Court sua sponte for consideration of dismissal. Having considered the record and the applicable law, the undersigned recommends that this civil action be dismissed, without prejudice, for failure to prosecute and comply with the Court's Orders.

### I. BACKGROUND

On September 20, 2022, pro se Plaintiff Petcorrous McClendon ("Plaintiff") filed this civil action pursuant to 42 U.S.C. § 1983, when he was incarcerated at the Kemper County Correctional Facility in Dekalb, Mississippi. *See* Compl. [1] at 2–4. Plaintiff is proceeding *in forma pauperis, see* Order [5], and his Complaint is subject to screening under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(h). On February 6, 2023, Plaintiff filed a change of address [14], reflecting that he is no longer incarcerated.

On April 3, 2023, Defendant Burl Cain filed an Answer [25] to Plaintiff's Complaint. On April 6, 2023, the remaining Defendants, Randy Atkinson, Michael Beasley, and Cornelius Turner filed their Answer [26]. On July 12, 2023, the

undersigned entered an Order Setting Omnibus Hearing [32], setting a hearing for August 16, 2023, at 1:30 PM.[1] The Court ordered the parties to appear for the hearing in Courtroom 6D of the Thad Cochran United States Courthouse, 501 E. Court Street, Jackson, Mississippi 39201.

On August 16, 2023, the hearing commenced as scheduled and counsel for all Defendants were present at the hearing. After a 15-minute grace period along with the Court Security Officer calling Plaintiff's name three times in the corridor outside of the courtroom and checking for anyone that may be Plaintiff, the Plaintiff was not found. Plaintiff did not appear for the hearing as ordered nor did he contact the undersigned's chambers regarding his failure to appear.

On the same day, the undersigned entered an Order Requiring Plaintiff to Show Cause [34]. This Order directed Plaintiff, on or before August 30, 2023, to file a written response showing cause why this case should not be dismissed for his failure to appear for the scheduled Omnibus Hearing. The Show Cause Order also warned Plaintiff "that his failure to timely comply with this Order will result in the dismissal of this civil action without further notice." Order [34] at 1. To date, Plaintiff has not responded or otherwise contacted the Court.

The Clerk of Court mailed a copy of the Order Setting Omnibus Hearing [32] and the subsequent Order Requiring Plaintiff to Show Cause [34] to Plaintiff at his address of record and neither document was returned as undeliverable. In fact, no

---

[1] An Omnibus Hearing operates as a *Spears* Hearing, *see Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), as well as a scheduling, discovery, status, and pre-trial conference under Fed. R. Civ. P. 16.

court filings that were mailed to Plaintiff's non-incarcerated address have been returned as undeliverable.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30. "[T]rial courts must be allowed leeway in the difficult task of keeping their dockets moving. Failure to attend a hearing is a critical default." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (affirming sua sponte dismissal of former prisoner's pro se civil action for his failure to appear at a status conference).

Plaintiff did not appear at the August 16, 2023 hearing and he did not comply with the subsequent Order to Show Cause [34] after being warned that failing to do so would result in the dismissal of his lawsuit. Plaintiff has not contacted the Court

or taken any action in the case since February 6, 2023. Such inaction represents a clear record of delay.

The Court has employed lesser sanctions than dismissal in the form of numerous warnings that Plaintiff's failure to comply would result in the dismissal of this case.[2] The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Additionally, there is nothing in the record to suggest that further warnings will be effective. It is apparent that Plaintiff no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted.[3]

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this civil action be dismissed, without prejudice, for Plaintiff's failure to prosecute and comply with the Court's Orders.

### IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District

---

[2] The Court warned Plaintiff on no less than eight occasions that his failure to comply with a court order could result in the dismissal of this case. *See* Orders [34],[20],[13],[8],[6],[5],[3]; Not. of Assign. [1-4].

[3] Plaintiff's allegations stem from an incident that occurred on March 17, 2021. At this time, a without prejudice dismissal would be prior to the expiration of the applicable three-year statute of limitations and would *not* be "tantamount to a dismissal with prejudice." *Searcy v. Paxon*, No. 21-40602, 2022 WL 1763373, at *1 (5th Cir. June 1, 2022) (noting "heightened standard" applies to sua sponte dismissals when "plaintiff's action likely would be barred by a statute of limitations if it were dismissed without prejudice").

Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

This the 29th day of September, 2023.

s/ *LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE